IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAD RUSH, as Administrator of the Estate of JEFFREY DENNIS, Deceased | : : : | CIVIL ACTION |
| v. | : : | NO.: 2:19-cv-00932 |
| THE CITY OF PHILADELPHIA and OFFICER RICHARD NICOLETTI, In his official and individual capacity | : : : | |

## DEFENDANT, OFFICER RICHARD NICOLETTI'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1. Admitted in part; denied in part. It is admitted that Jeffrey Dennis was shot by Responding Defendant. The remaining averments of paragraph 1 are denied. It is further denied that the video is the "best evidence of the shooting" since it does not have sound and the angle does not show the entire incident.

2. Denied. It is denied that Responding Defendant used excessive force under the circumstances.

3. The averments of paragraph 3 are directed to others than Responding Defendant and therefore no response is required.

4. Denied. To the contrary, Responding Defendant acted in a manner which was objectively reasonable under the facts and circumstances presented.

5. Denied as to civil rights violation or other causes of action.

6. Admitted based on representations made in the Complaint.

7. Admitted in part; denied in part. It is admitted that Brad Rush has been designated as Administrator of the Estate. As to the remaining averments of paragraph 7, after reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief

as to the truth or falsity of the averments of paragraph 7 and therefore deny same and strict proof thereof is demanded at time of trial.

8. Admitted that Responding Defendant was acting in the scope and course of his duties as a police officer. The remaining averments are conclusions of law to which no response is required.

9. The averments of paragraph 9 are directed to others than Responding Defendant and therefore, no response is required.

10. Admitted that jurisdiction and venue are proper. It is denied as to any intentional torts or otherwise violative conduct.

11. Denied as stated. At times relative to the complaint, there were six men driving three separate unmarked cars. It is denied that Jeffrey Dennis was "pursued".

12. Denied. To the contrary, Dennis was going to be arrested.

13. Admitted in part; denied in part. It is admitted that there was not an arrest warrant. It is denied that under the circumstances an arrest warrant was required.

14. Denied.

15. Denied, in that paragraph 15 implies:

    (1) Either traffic violation was required or

    (2) That Dennis did not commit any traffic violation at any time.

16. Denied.

17. Denied.

18. Admitted.

19. Denied. To the contrary a police vehicle was put in the path of the dark color Nissan at which time Plaintiff decided not to peaceably surrender.

20. Admitted.

21. Denied.  To the contrary, it was clear to Dennis that these were police officers.

22. Denied.

23. Denied.  To the contrary, the second unmarked vehicle parked some distance behind Dennis who proceeded to back up and crash into that vehicle.

24. Admitted in part; denied in part.  It is admitted that the vehicle did not have markings.  However, it is denied as to the word "failed".

25. Denied.  At all times relevant, Dennis was aware that these were police officers.

26. Denied.  To the contrary, Dennis ignored legal commands of police officers.

27. Denied.  To the contrary, six police officers shouted legal commands which Dennis ignored.

28. Denied.  To the contrary, the police officers repeatedly identified themselves.

29. Denied as stated.  One officer did bang his gun against the passenger window as part of the repeated attempts to have Dennis surrender peacefully.

30. Admitted.  After Dennis ignored repeated commands and still in possession of the moving car.

31. Denied.  To the contrary, Dennis was aware that these were police officers.  Dennis perceived he was going to be arrested and had drugs in his vehicle.

32. Admitted that a police officer reached in the broken glass in an attempt to stop the vehicle.

33. Denied.

34. Denied as stated.  To the contrary, the officer injured by Dennis' vehicle disengaged from the lawful attempt to take Dennis into custody.

3

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.  As Dennis' vehicle began again to lurch forward, Responding Defendant fired to end the deadly threat.

42. Admitted that at some point Responding Defendant did reach into vehicle to check on the condition of Dennis.

43. Admitted that at some point Nicoletti did reach into the vehicle to check on the condition of Dennis.

44. Admitted.

45. Denied.

46. Denied.

47. Denied as stated.  At no point was excessive force used.

48. Denied.

49. Denied.

### **PPD DIRECTIVE 9.4 VEHICULAR PURSUITS**

50 – 56.  The averments of paragraphs 50 – 56 are from a police directive which speaks for itself.

57. Denied.

58. Denied.

59. Denied.  It is denied that it is "common practice" to use the tactics referred to in paragraph 58.

60. Denied.  As to any alleged prohibited techniques.

### PPD DIRECTIVE 10.1 – USE OF FORCE

61 – 64.  The averments of paragraphs 61 – 64 refer to a written police policy and therefore no response is required.

65. Denied.  The averments of paragraph 65 states an inclusion of law, however, if paragraph 65 reference to a "non violent suspect" is referring to Dennis, that allegation is denied.

66. To the extent that paragraph 66 refers to a written policy procedure, that document speaks for itself.

67. Denied.

### FAILURES OF THE PHILADELPHIA POLICE DEPARTMENT

68 - 96. The averments of paragraph 68 – 96 are directed to other than Responding Defendant and therefore no response is required.

97. Denied.

98. Denied.

99. Denied.

### THE LIFE OF JEFFREY DENNIS

100. Admitted based on information and belief.

101. Denied.  After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 101 and therefore deny same and strict proof thereof is demanded at time of trial.

102. Denied.

103. Denied as stated.  At the time of this incident it is believed Plaintiff was involved in illegal drug activity.

104. Denied.  After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 104 and therefore deny same and strict proof thereof is demanded at time of trial.

105. Denied.  After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 105 and therefore deny same and strict proof thereof is demanded at time of trial.

## WRONGFUL DEATH ACTION

106. Admitted based on the averments in the Complaint.

107. Admitted only that an action has been brought.

108. Denied.  After reasonable investigation, Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments of paragraph 108 and therefore deny same and strict proof thereof is demanded at time of trial.

109. Admitted based on information and belief.

110. Denied as to Plaintiff's claims for damages.

111. Denied as to Plaintiff's claims for damages.

112. Denied as to Plaintiff's claims for damages.

## SURVIVAL ACTION

113. Denied that Plaintiff has stated a cause of action on the survival action.

## COUNT I
## 42 U.S.C. §1983

114. Responding Defendant incorporates herein by reference his Answers and New Matter to the Plaintiff's Complaint as if the same were fully set forth herein at length.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT, CITY OF PHILADELPHIA

120. Responding Defendant incorporates herein by reference his answers to paragraphs 1 through 119 of Plaintiff's Complaint as if the same were fully set forth herein at length.

121 - 128 The averments of paragraphs 121 – 128 are directed to others than Responding Defendant and therefore no response is required.

## ASSAULT AND BATTERY AGAINST
## DEFENDANT NICOLETTI

129. Responding Defendant incorporates herein by reference his answers to paragraphs 1 through 128 of the Plaintiff's Complaint as if the same were fully set forth herein at length.

130. Denied.

131. Denied as to any right to survival damages.

## COUNT IV
## PERIOD OF EXEMPLARY DAMAGES

132. Responding Defendant incorporates herein by reference his answers to paragraphs 1 through 132 of Plaintiff's Complaint as if the same were fully set forth herein at length.

133. Denied.

134. Denied that Plaintiff is entitled to punitive or exemplary damages.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a cause of action against Responding Defendant.

2. To the extent that Responding Defendant is entitled to qualified, statutory or common law immunity, Responding Defendant claims same.

3. Responding Defendant is entitled to qualified immunity or any claims asserted under the Civil Rights Act.

4. The individual Defendant asserts the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 US 800 (1982) and subsequent cases.

5. Responding Defendant asserts immunity from the imposition of damages which are premised upon negligent conduct as that firm is defined in Davidson v. Cannon, 106 S. Ct. 668 (1986); and Daniels v. Williams, 106 S. Ct. 662 (1986).

6. Responding Defendant asserts that at no times did he violate clearly established law and at all times concerned with this litigation, act in the manner which is proper, reasonable, lawful and exercise good faith and as such, enjoys not only qualified immunity but the right not to go to trial.

7. Responding Defendant asserts that Plaintiff was, at all times relative to the Complaint, afforded all the rights and privileges to which he was entitled under the United States Constitution, Pennsylvania Constitution and all applicable State and Federal Laws.

8. Responding Defendant asserts all defenses, immunities and limitations of causes of action and/or damages available to him under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 et. seq.

9. Responding Defendant, as a police officer, was privileged under State law to use the force utilized against decedent and Responding Defendant, cannot be liable for assault and battery because the force utilized was reasonable and necessary under the circumstances.

10. Plaintiff's wrongful death and survival actions against Responding Defendant necessarily fail as they are derivative of any assault and/or battery claim against Responding Defendant, which fails because the force utilized by Responding Defendant was reasonable and necessary under the circumstances.

11. Responding Defendant did not violate clearly established law, and any and all claims against him are barred by the application of the doctrine of qualified immunity as articulated in Harlow v. Fitzgerald, 457 US 800 (1982) and subsequent decisions.

12. Plaintiff's Complaint fails to state a cause of action for punitive damages.

13. At no time material hereto did Responding Defendant act in a willful, wanton, reckless or malicious manner.

14. Plaintiff's decedent's injuries and damages were the result of his own negligence, carelessness and/or criminal actions.

WHEREFORE, Responding Defendant, Officer Richard Nicoletti, respectfully requests that Plaintiff's Complaint be dismissed.

                                                MARSHALL DENNEHEY WARNER
                                                COLEMAN & GOGGIN

                                   BY: _____
                                              JOSEPH J. SANTARONE, ESQUIRE
                                              Attorney I.D. #45723
                                              2000 Market Street, Suite 2300
                                              Philadelphia, PA  19103
                                              (215) 575-2626
                                              jjsantarone@mdwcg.com
                                              Attorney for Defendant,
DATE:  March 22, 2019                  Officer Richard Nicoletti

## **CERTIFICATE OF SERVICE**

    Joseph J. Santarone, Esquire hereby certifies that on the date set forth below he served the forgoing Defendant, Officer Richard Nicoletti's Answer with Affirmative Defenses to Plaintiff's Complaint upon all parties via the Court's electronic filing system.

                                    MARSHALL DENNEHEY WARNER
                                    COLEMAN & GOGGIN

                        By: _____
                                    JOSEPH J. SANTARONE, ESQUIRE

DATE: March 22, 2019