IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRAD RUSH, as Administrator of the Estate of Jeffrey Dennis, Deceased,**<br><br>*Plaintiff*<br><br>v.<br><br>**THE CITY OF PHILADELPHIA, et al.,**<br><br>*Defendants* | Case No. 2:19-cv-00932-JDW |

## MEMORANDUM

Brad Rush wants this case heard in state court, rather than here. He filed the case in state court, but the Defendants removed it. Now, he seeks leave to file an amended complaint that would drop all claims against the City of Philadelphia and drop the federal claims against Philadelphia Police Officer Richard Nicoletti. Mr. Rush's request to amend his complaint comes too late, however. While he is free to drop his claims against the City with prejudice, as he has offered to do, he has not shown good cause to permit him to drop his federal claims against Officer Nicoletti.

### I. BACKGROUND

On August 20, 2018, Officer Nicoletti shot and killed Jeffrey Dennis. This case arises from that shooting. Brad Rush is the Administrator of Mr. Dennis's estate. On February 27, 2019, Mr. Rush filed a complaint against Officer Nicoletti and the City of Philadelphia. The Complaint asserts four causes of action: (1) a 42 U.S.C. § 1983 excessive force claim against Officer Nicoletti; (2) a claim for municipal Liability against the City; (3) a claim against Officer Nicoletti for assault and battery; and (4) a claim against Officer Nicoletti for punitive and exemplary damages. On March 5, 2019, the Defendants removed the action to this Court.

On November 12, 2019, the Court conducted an initial pretrial conference pursuant to Federal Rule of Civil Procedure 16. Then, the Court entered a scheduling order that provides, among other things, "All motions to amend the Complaint and to join or add additional parties shall be filed on or before **November 22, 2019**." (ECF No. 17 (emphasis in original).)

On May 5, 2020, Mr. Rush filed a Motion for Leave to File an Amended Complaint and For Remand to the Court of Common Pleas of Philadelphia County. The proposed amended complaint would delete all federal claims in the case, leaving only the assault and battery claim and the request for punitive and exemplary damages. Because there would not be any federal claims in the case, Mr. Rush asks the Court to remand the case to the Court of Common Pleas after filing the proposed amended complaint. The Court heard argument on May 27, 2020.

## II.   DISCUSSION

### A.   Municipal Liability Claims

The proposed amended complaint would drop all claims against the City. Although Mr. Rush filed this motion under Rule 15, an amendment that dismisses a party invokes Rule 41(a), not Rule 15. *See Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("Rule 41 is reserved for circumstances in which the result of the alleged dismissal is that one or all of the defendants are released from the action.") The Court will therefore construe the proposed amendment to include a request for voluntary dismissal as to the City under Rule 41(a)(2); *see also Roche v. Aetna, Inc.*, 167 F. Supp.3d 700, 706 (D.N.J. 2016) (construing amended complaint as also containing a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) where plaintiff amended complaint to remove another plaintiff from the action).

The standards for voluntary dismissal under Rule 41 are different if a party seeks dismissal with or without prejudice. A voluntary dismissal without prejudice "is not a matter of right."

*Connor v. Corporate Life Consultants*, No. 06-2831, 2006 WL 2828865, at *1 (E.D. Pa. Sept. 29, 2006). Rather, courts look at a number of factors to determine whether such a dismissal is proper. *See id.* On the other hand, if the plaintiff seeks to drop a defendant from an action with prejudice, courts have held that they lack the discretion to say "no." *See, e.g., Worrell v. Harshe*, 1:16-cv-2398 (NLH/KMW), 2017 WL 4419240, at * 2 (D.N.J. Oct. 5, 2017) (collecting cases).

Because Mr. Rush did not address the dismissal of the City in his Motion, he did not specify whether he intended to dismiss the municipal liability claims with or without prejudice. At oral argument, his counsel said that Mr. Rush would dismiss the municipal liability claims with prejudice. (Tr. at 7:4-7:6; 17:7-17:13.[1]) While it appears that Mr. Rush might be engaged in forum shopping, the Court does not have the discretion to deny Mr. Rush's request to dismiss his municipal liability claims with prejudice. However, because the Court will not permit Mr. Rush to amend his complaint as to Officer Nicoletti, the Court will give Mr. Rush seven days to consider whether he wants to dismiss the municipal liability claims while the case proceeds in federal court.

**B.    Individual Liability Claims**

Unlike the City, Mr. Rush does not want to dismiss all claims against Officer Nicoletti, and he does not want to dismiss any claims against Officer Nicoletti with prejudice. In his Motion, Mr. Rush invokes Rule 15, which controls motions to amend a pleading. But, "once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b), demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Price v. Trans Union LLC*, 737 F. Supp.2d 276, 279 (E.D. Pa. 2010); *see also Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 669 (3d Cir. 2017) ("Where a scheduling order governs the

---

[1] Citations to "Tr." refer to the Transcript of the Hearing that the Court held on May 27, 2020.

3

amendment of pleadings… the lenient Fed. R. Civ. P. 15(a)(2) standard … yields to the good cause requirement under Rule 16(b).").

"'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Price*, 737 F. Supp.2d at 279. Where a party "knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent." *Id.* at 280 (internal citations omitted) (plaintiff failed to offer justification for filing motion to amend eight months after deadline to amend pleadings when plaintiff knew same information prior to deadline); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp.2d 695, 702 (E.D.Pa.2007) (defendant had not shown "good cause" because defendant possessed relevant information at the outset of the litigation and did not offer justification for five-month delay beyond deadline in scheduling order). "If the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading." *Id*.

Mr. Rush filed this Motion more than six months after the deadline for amended pleadings in the Court's scheduling order. At oral argument, Mr. Rush's counsel explained that the claim for municipal liability is viable but not as strong as he thought. (Tr. at 18:14-19:7.) He therefore decided that he would rather be in state court than continue to pursue the municipal liability claim. He conceded that he had not learned anything new about the claims against Officer Nicoletti. He said however, that as long as he pursued a municipal liability claim, he had no reason not to pursue federal claims against Officer Nicoletti. (*Id.* at 24:21-26:8.) Having decided not to pursue a municipal liability claim, that calculus changed for him.

Mr. Rush's arguments do not satisfy the good cause standard. He thinks that the jury pool in state court is more favorable to him. His experienced counsel knew that when he filed a case

with federal claims in it, and he knew that before the deadline to amend the complaint. Because he had the information before the deadline, he cannot show diligence in pursuing his amendment. The fact that he now wants a different forum as a matter of litigation strategy is not enough. He therefore lacks good cause to modify the scheduling order.

### III.   CONCLUSION

Defendants had a statutory right to choose a federal forum for this case. They did. Mr. Rush then had an opportunity to amend his complaint, drop his federal claims, and return the case to state court. He did not do so at the time. He cannot do so now. The case will remain here. Mr. Rush has seven days to decide whether he still wants to drop his municipal liability claim with prejudice. If so, he should file a stipulation or motion under Rule 41. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

June 22, 2020