IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAD RUSH, as Administrator of the Estate of Jeffrey Dennis, Deceased,<br><br>*Plaintiff,*<br><br>v.<br><br>THE CITY OF PHILADELPHIA, et al.,<br><br>*Defendants.* | Case No. 2:19-cv-00932-JDW |

### MEMORANDUM

Plaintiff Brad Rush, as the administrator of Jeffrey Dennis's estate, has reached a settlement with Defendants the City of Philadelphia and Officer Richard Nicoletti to resolve claims alleging federal constitutional and state law violations. On September 5, 2024, Mr. Rush filed a Petition To Approve The Settlement And Distribution. After review, I will approve the Petition.

## I.  BACKGROUND

On August 20, 2018, seven plainclothes Philadelphia Police Officers surrounded Jeffrey Dennis in his car. They boxed him in with two cars and tried to get him out of his car. He tried to escape, moving his car back and forth. At the end of the encounter, after his car appeared to stop moving, Officer Nicoletti shot Mr. Dennis three times and killed him. Though a nearby security camera captured most of the incident on video, the day's events remain unclear.

Mr. Rush, acting as Administrator of Mr. Dennis's estate, filed claims against Officer Nicoletti and the City of Philadelphia in the Court of Common Pleas of Philadelphia County on February 27, 2019. (Officer Nicoletti removed the action to this Court on March 5, 2019.) The Complaint asserts (a) a claim under 42 U.S.C. § 1983 for excessive force against Officer Nicoletti in his official and individual capacity, (b) a claim under 42 U.S.C. § 1983 against the City of Philadelphia for municipal liability, and (c) claims for assault and battery under state law. Mr. Rush seeks damages, including survival and wrongful death damages, as well as attorneys' fees and costs.

On January 29, 2021, I denied in substantial part Officer Nicoletti's summary judgment motion because the video is not definitive about what happened, so a jury would have to resolve the dispute. Officer Nicoletti appealed, asserting qualified immunity. On March 13, 2023, the Third Circuit affirmed. *See Rush v. City of Phila.*, 78 F.4th 610 (3d Cir. 2023). After the case returned to me, I scheduled a trial for September 2024. The parties filed more than a dozen motions *in limine*.

The Parties attended a settlement conference before Magistrate Judge Elizabeth Hey and reached a settlement in the amount of $1,100,000.00. Plaintiff's counsel proposes to allocate the full settlement amount to wrongful death damages. And Plaintiff's counsel seeks a 33 1/3 percent contingent fee of the gross settlement, totaling $366,666.66, plus litigation costs of $44,275.91. As a result, the wrongful death beneficiaries—Mr. Dennis's

three children, two of whom are minors—will each receive $229,685.81.[1] Mr. Rush asks me to approve the settlement and the distribution of settlement proceeds.

## II.  LEGAL STANDARD

The Court's Local Rules of Civil Procedure require court approval for settlement of claims "of a decedent's estate in which a minor … has an interest." L. R. Civ. P. 41.2(a). Likewise, "[n]o counsel fee, costs[,] or expenses shall be paid out of any fund obtained for a minor . . . or such decedent's estate as a result of a compromise, settlement, dismissal, or judgment unless approved by the court." *Id.* 41.2(c). In evaluating the proposed settlement, I must "determine the fairness of [the] settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount … ." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000). To determine the fairness of a minor's compromise in a federal civil rights action, I look to state law. *See id.* at 669.

The Pennsylvania Rules of Civil Procedure provide that "[n]o action for wrongful death in which a minor … has an interest shall be … compromised or settled until the court, upon petition of any party in interest, shall … approve the compromise or settlement as being fair and equitable." Pa. R. Civ. P. 2206(a). When a judge approves a minor's

---

[1] The Petition states that the two minor beneficiaries will receive $229,**8**85.81, but as this would exceed the settlement amount, I presume that this is an error and that the beneficiaries will receive the amounts identified in Exhibit D (*i.e.*, $229,685.81, an equal share of the net settlement). (ECF No. 96, p. 10 of 16.)

3

settlement, he or she must "make an order designating the persons entitled to share in the damages recovered and the proportionate share of the net proceeds to which each is entitled." *Id.* 2206(b)(1). If a share of the settlement is payable to a minor, "the court shall designate as the person to receive such share a guardian of the estate of the minor … qualified to receive the fund." *Id.*

## III.   ANALYSIS

### A.   Fairness And Allocation Of The Settlement Amount

The proposed settlement is fair, reasonable, and in the best interests of the three beneficiaries, Mr. Dennis's children. It provides substantial value to the beneficiaries and avoids the risks presented at trial, especially with such a conflicted factual record. Thus, I will approve the proposed settlement of $1,100,000.00.

There are sufficient facts to support allocating 100 percent of the settlement proceeds to the wrongful death claim. Wrongful death damages "compensate the spouse, children, or parents of [the] decedent," and include "the pecuniary loss of the services, society, and comfort the relatives would have received from the decedent." *Smith v. Sandals Resorts Intern., Ltd.*, 709 F. Supp. 2d 350, 356 (E.D. Pa. Apr. 19, 2010). Survival action damages "compensate the decedent's estate for losses from the tort," including the decedent's "pain and suffering, loss of gross earning power from the date of injury until death, and probable earnings during his life expectancy." *Id.* at 358. Mr. Dennis died immediately and was not employed, but he had a close relationship with the beneficiaries.

4

Considering these circumstances, full allocation of the settlement to wrongful death damages is appropriate.

### B. Reasonableness Of Attorneys' Fees And Costs

When assessing the reasonableness of counsel fees, "a court 'is not bound to all of the terms of a contingency fee arrangement' involving minors." *Matter of McLean Contracting*, No. 14-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (quoting *Calvert v. General Acc. Ins. Co.*, No. 99-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000)). Instead, the analysis begins with the "presumptive lodestar" that the "the court of common pleas in the county with jurisdiction over the minor" determines. *Nice*, 98 F. Supp.2d at 670. The court may then "adjust that lodestar depending upon the effectiveness of counsel's performance under the circumstances," considering factors such as "the amount of work performed," "the character of the services rendered," and "the difficulty of problems involved." *Id.* at 670–71.

Mr. Rush first filed this case in the Philadelphia Court of Common Pleas. With respect to a petition to approve a settlement with a minor, that Court states that "[c]ounsel fees of one-third (1/3) of the net fund recovered may be considered reasonable, subject to the approval of the Court. The net fund is calculated by subtracting the attorney's reimbursable costs from the gross settlement amount." Philadelphia Cty. L. R. Civ. P. 2039(F).

Plaintiff's counsel requests a fee of 33 1/3 percent of the gross settlement amount, totaling $366,666.66. This exceeds what they would receive under the methodology outlined above, *i.e.*, one-third of the gross settlement *less costs.* However, considering the amount of work performed, the risks that they took, and the overall size of the award that they obtained for Mr. Dennis's children, I find that the requested fee falls within the zone of reasonableness. Finally, I approve counsel's costs, in the amount of $44,275.91, which covers expenses such as expert fees, medical examinations, and court-reporting services, as reasonable under the circumstances of this case.

**IV.   CONCLUSION**

For the reasons stated above, I will approve Mr. Rush's Petition To Approve The Settlement And Distribution (ECF No. 94). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

September 27, 2024